## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BETTY GLEIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 11-47-GPM** |
| ) | |
| **THE BOEING COMPANY; BONDEX** ) | |
| **INTERNATIONAL, INC.; BORG** ) | |
| **-WARNER CORP.** *by its successor-* ) | |
| *in-interest* **BORGWARNER MORSE TEC** ) | |
| *INC,*; **BRAND INSULATIONS INC.,** ) | |
| **BUFFALO PUMPS, INC.; CBS CORP.** ) | |
| *successor by merger to CBS CORP. formerly* ) | |
| *known as VIACOM, Inc., formerly known as* ) | |
| **WESTINGHOUSE ELECTRIC CORP.**; ) | |
| **CERTAIN-TEED CORP.; CROWN CORK** ) | |
| **& SEAL COMPANY, INC.; DANA CORP.**; ) | |
| **CEERE & COMPANY; FORD MOTOR** ) | |
| **COMPANY; GARLOCK SEALING** ) | |
| **TECHNOLOGIES, LLC; GENERAL** ) | |
| **DYNAMICS CORP.; GENERAL** ) | |
| **ELECTRIC COMPANY; GEORGIA-** ) | |
| **PACIFIC LLC; GOODYEAR TIRE &** ) | |
| **RUBBER COMPANY; HAWKER** ) | |
| **BEECHCRAFT CORP.,** *formerly known as* ) | |
| *RAYTHEON AIRCRAFT COMPANY*; ) | |
| **HONEYWELL INTERNATIONAL, INC.,** ) | |
| *individually and as successor-in-interest to* ) | |
| *ALLIEDSIGNAL, INC. and THE BENDIX* ) | |
| *CORP.*; **JOHN CRANE, INC.; KENTILE** ) | |
| **FLOORING, INC.; LOCKHEED MARTIN** ) | |
| **CORP.; METROPOLITAN LIFE** ) | |
| **INSURANCE COMPANY; NORTH** ) | |
| **AMERICAN AVIATION DEV., LLC;** ) | |
| **NORTHROP GRUMMAN SYSTEMS** ) | |
| **CORP.; OWENS-ILLINOIS, INC.;** ) | |
| **PNEUMO ABEX LLC; PRATT &** ) | |
| **WHITNEY ENGINE SERVICES, INC.;** ) | |
| **UNION CARBIDE CORP.; UNITED** ) | |
| **TECHNOLOGIES CORP.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion for remand to state court brought by Plaintiff Betty Glein. In this case Betty Glein seeks damages under the Illinois Wrongful Death Act, 740 ILCS 180/1-2.2, the Illinois Survival Act, 755 ILCS 5/27-6, and the Illinois Rights of Married Persons Act, 750 ILCS 65/15, in connection with injuries her ex-husband sustained from mesothelioma allegedly caused by exposure to asbestos. Ms. Glein originally brought suit in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, and Defendant Northrop Grumman Systems Corporation ("NGSC") removed the case to this Court. Federal subject matter jurisdiction is alleged on the basis of 28 U.S.C. § 1442, the so-called "federal officer" removal statute. Having considered the matter carefully, including NGSC's response in opposition to Plaintiff's motion to remand, the Court now **GRANTS** Plaintiff Betty Glein's motion to remand (Doc. 14). On the basis of this ruling, Plaintiff's pending motion for leave to file a reply is termed as moot (Doc. 17).

A defendant seeking removal bears the burden of establishing federal subject matter jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006). Federal removal jurisdiction is statutory in nature and is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993); *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007). Removal is proper if it is based on permissible statutory grounds and if it is timely. *See Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). Any doubts about the propriety of removal must be resolved against

removal and in favor of remand to state court. *See Kuhlman v. A.W. Chesterton, Inc., et.al*, No. 10-119-GPM, 2010 WL 910481, at *1 (S.D.Ill. Mar. 9, 2010); *Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at *1 (S.D. Ill. Aug. 24, 2007); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000).

In this case, as noted, the asserted basis for federal subject matter jurisdiction is 28 U.S.C. § 1442, which provides, in relevant part, for the removal of "[a] civil action . . . commenced in a State court against . . . [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). To effect removal as a person acting under a federal officer, NGSC must prove three elements: (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning that there is a nexus or causal connection between Ms. Glein's claims and the acts NGSC allegedly performed under the direction of a federal officer; and (3) NGSC has a colorable federal defense to state-law liability. *See Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999); *Mesa v. California*, 489 U.S. 121, 129 (1989); *Willingham v. Morgan*, 395 U.S. 402, 407 (1969); *Wisconsin v. Schaffer*, 565 F.2d 961, 964 (7th Cir. 1977); *Mills v. Martin & Bayley, Inc.*, Civil No. 05-888-GPM, 2007 WL 2789431, at *5 (S.D. Ill. Sept. 21, 2007).

Turning to the merits of the instant motion for remand to state court, the Court finds that NGSC, as the proponent of federal subject matter jurisdiction in this case, has failed to carry its burden of proof as to the existence of such jurisdiction. NGSC claims in its notice of removal that it is entitled to invoke federal officer jurisdiction because at least part of Ms. Glein's ex-husband's alleged exposure to asbestos occurred during his service as an aviation mechanic in the United States Navy ("USN"), when he worked on airplanes that were manufactured by NGSC and on

aircraft components that were installed and serviced by NGSC. NGSC, which the parties do not dispute is a "person" for purposes of the first prong of the test of federal officer jurisdiction, *see Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 845 n.3 (S.D. Ill. 2006) (a corporation is a "person" within the meaning of 28 U.S.C. § 1442) (collecting cases), claims with respect to the second and third prongs of the test that in manufacturing planes the company acted under the direction of the USN and that the company is entitled to assert the so-called "government contractor defense" or "military contractor defense," which provides that a private contractor is shielded from liability under state law for defects in products or equipment that it produced for the United States if: (1) the United States approved reasonably precise specifications for the products or equipment; (2) the products or equipment conformed to those specifications; and (3) the contractor warned the United States about any dangers known to the contractor but not to the United States. *See Boyle v. United Techs. Corp.*, 487 U.S. 500, 512 (1988); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997-98 (7th Cir. 1996); *Lambert v. B.P. Prods. N. Am., Inc.*, Civil No. 04-347-GPM, 2006 WL 924988, at *6 (S.D. Ill. Apr. 6, 2006). To establish the second prong of the test of federal officer jurisdiction with respect to Ms. Glein's claim of negligence against NGSC based on the latter's alleged failure to warn of the asbestos contained in the products the company furnished to the USN, NGSC must produce evidence that the USN prevented the company from complying with its duty to warn under state law. *See Weese v. Union Carbide Corp.*, Civil No. 07-581-GPM, 2007 WL 2908014, at **6-7 (S.D. Ill. Oct. 3, 2007). Similarly, to establish the first prong of the government contractor defense, NGSC must show that the USN approved specific warnings that precluded NGSC from complying with its state-law duty to warn. *See id.* at *9.[1]

---

[1] The second prong of the test of federal officer jurisdiction and the first prong of the government

The only evidence produced by NGSC in support of its claim of federal officer jurisdiction are affidavits by Captain Wesley C. Hewitt−who served in various position in the USN until 1988−and Commander August Scalia and John DeBois−who each aver they became familiar with USN contracting procedures throughout their respective careers in the Navy and at NGSC. Additionally, NGSC has submitted various communications between itself and the USN, USN specifications, and Ms. Glein's ex-husband's deposition. In the past, the Court has attached little significance to such evidentiary materials, unaccompanied as they are by exemplar contracts between the USN and its contractors or pertinent regulations promulgated by the USN or another responsible agency. *See Sether v. Agco Corp.*, Civil No. 07-809-GPM, 2008 WL 1701172, at **3-4 (S.D. Ill. Mar. 28, 2008). Most importantly, even assuming for the sake of argument that it is the case USN exercised the final control over the content of the warnings that accompanied the equipment it supplied to NGSC, this does not negate the possibility that NGSC had responsibility for designing additional warnings, in whole or in part, or that the USN required contractors like NGSC to provide safety warnings in accordance with state-law duties of care. *See id.* at *4. The Court is mindful that, "[b]ecause federal officer removal is rooted in 'an anachronistic mistrust of state courts' ability to protect and enforce federal interests and immunities from suit,' although such jurisdiction is read 'expansively' in suits involving federal officials, it is read narrowly where, as in this instance, only the liability of a private company purportedly acting at the direction of a federal officer is at issue." *Weese*, 2007 WL 2908014, at *3 (quoting *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp. 2d 1144, 1150, 1152 n.6 (D. Colo. 2002)). Additionally, the Court is required to construe the record in this case "in the light most favorable to

---

contractor defense are very similar, obviously, and they tend to merge in the analysis of a claim of federal officer jurisdiction. *See, e.g., Hilbert v. Aeroquip, Inc.*, 486 F. Supp. 2d 135, 147-48 & n.11 (D. Mass. 2007).

remand while resolving all deficiencies in the record against . . . the proponent of removal[.]" *Alsup*, 435 F. Supp. 2d at 846. Finally, while the Court recognizes that "a federal defense sufficient to permit removal under [28 U.S.C. § 1442] need only be colorable, not guaranteed to prevail," on the state of the record NGSC has not put forward sufficient evidence even to raise an inference of a colorable federal defense. *Weese*, 2007 WL 2908014, at *4. Since the Court concludes that this action is due to be remanded to state court we need not consider the issue of whether NGSC's removal was timely.

To conclude, Betty Glein's motion to remand is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 2/8/2011


s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge